UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LORETTA ANN COFFEY | ) | CASE NO. 17-31506 |
| | ) | |
| DEBTOR | ) | CHAPTER 13 |
| | ) | |

| | | |
|---|---|---|
| WILLIAM OWENS | ) | |
| | ) | |
| PLAINTIFF | ) | A.P. NO. 17-3040 |
| VS. | ) | |
| | ) | |
| LORETTA ANN COFFEY | ) | |
| | ) | |
| DEFENDANT | ) | |

**MEMORANDUM OPINION**

This adversary proceeding comes before the Court on the Motion for Judgment on the Pleadings and in the Alternative Partial Summary Judgment (the "Motion") filed by the Defendant, Loretta Coffey ("Coffey"). The Plaintiff, William Owens ("Owens"), opposes Coffey's motion. Upon consideration of the Motion, the supporting documentation, and the response, the Court holds that the Motion should be denied.

**I.      STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to Coffey's Chapter 13 case pending in this District.

**II.     STANDARD**

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the

Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).6  *Forgues v. Select Portfolio Servicing, Inc.*, 2016 WL 543186, at *2 (N.D. Ohio 2016).  Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).  In particular, when a party moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the party is entitled to judgment as a matter of law.  When reviewing a motion for judgment on the pleadings, the Court assumes that well-plead facts alleged by the non-movant are true.  *Finisar Corp. v. Cheetah Omni, LLC.*, 2012 WL 6949236 at *1 (E.D. Mich. 2012); *Maher v. Federated Service Insurance Company*, 143 F.Supp.3d 663, 664 (E.D. Mich. 2015).

The Court can render summary judgment only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) *(citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).  The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact.  *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file.  *Id.*  When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment

2

should be granted.  *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (*quoting Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial.  Fed. R. Bankr. P.  R. Civ. P. 56(e).  The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.  FACTS

To properly consider the Motion, some background facts must be set forth.  Coffey and Owens were engaged in a relationship beginning in 2013.  They planned to be married in June 2013.  While engaged, Owens made several transfers of money and property to Coffey.  Eventually, the relationship soured and ultimately ended in the Fall of 2015.

On November 25, 2015, Owens filed suit against Coffey in Boyle County Kentucky Circuit Court.  This complaint contained seven counts, two of which alleged Coffey had committed fraud on Owens.  Count I alleged that Coffey, through fraud, had induced Owens to tender to her the sum of $10,000.00.  Count IV alleged that Coffey, through fraudulent conduct, had induced Owens to purchase for her a 2011 Toyota Four-Runner in the approximate value of $36,938.79.  The remaining counts made no mention of fraud.

Coffey filed an answer to this complaint, a motion to dismiss, and a counterclaim on March 17, 2016.  Written discovery was propounded on Coffey on April 13, 2016 and her answers were due 30 days later.  Coffey failed to completely comply with these discovery requests, and on March 28, 2017 Owens filed a motion to compel.  The state court set this motion to compel for hearing to

3

be heard on April 5, 2017. Because of financial troubles, Coffey was unable to continue her defense of this civil suit, so she filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on May 3, 2017.

The Clerk of Court scheduled the first Meeting of Creditors for June 14, 2017. Pursuant to Fed. R. Bankr. P. 4007(c), the deadline to file a complaint objecting the dischargeability of a debt under 11 U.S.C. § 523(c)[1] is sixty (60) days after the first date set for the meeting of creditors. Applied to this case, the deadline to file a nondischargeability complaint was set at August 13, 2017.

Coffey's proposed amended plan called for monthly payments of $100.00 for 60 months. With these payments, the plan anticipated paying unsecured creditors approximately 7% of the unsecured claims. No specific provision for the payment Owens' claim was made in the plan. Nor did the plan contain a specific provision calling for the discharge of Owens' claim. Owens did not object to Coffey's Chapter 13 Plan and did not appear at the 341 Meeting of Creditors. The Plan was confirmed by Order of this Court on July 10, 2017, and Owens did not appeal this Order.

Owens was listed in Schedule F "for notice purposes only" and the debt was marked as disputed. Owens availed himself of the Bankruptcy Court and filed Proof of Claim Number 4 for $85,119 on July 7, 2017. Coffey objected to Owens' claim on the day it was filed. Owens did not respond to Coffey's objection to his claim. Without objection, on August 14, 2017, the Court

---

[1] The 60–day time limit of Bankruptcy Rule 4007(c), although only applicable to a select few categories of nondischargeable debts, applies to any dischargeability complaint brought pursuant to § 523(a)(2)(A). This limitation on the right to commence an action under § 523(a)(2)(A) arises from the interplay of Bankruptcy Rules 4007(c) with Bankruptcy Code § 523(c). First, when delineating the types of debts subject to its 60–day time limit, Bankruptcy Rule 4007(c) references § 523(c). Under § 523(c) it is then provided that certain types of debts—specifically those set forth in paragraphs (2), (4) and (6) of § 523(a)—are automatically discharged unless a creditor brings an action to determine the dischargeability of that debt. *See In re Sieger*, 360 B.R. 653, 655 (Bankr. N.D. Ohio 2007).

4

entered an order sustaining the Objection to Claim and disallowed Owens' claim.

On August 17, 2017, Owens moved to vacate the order sustaining the objection to claim. After the first hearing on this motion, Owens withdrew the motion to vacate. As it stands now, Owens has no allowed claim in this Chapter 13 case.

On July 17, 2017, within the time allowed by Fed. R. Bankr. P. 4007(c), Owens filed this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2)(A) seeking to except from discharge the debts incurred by Coffey's alleged false pretenses, false representations or actual fraud. Coffey answered the complaint and denied the material allegations. Section 523 (a)(2)(A) prohibits the discharge of any debt obtained by false pretenses, false representations, or actual fraud.

On December 13, 2017, Owens filed a motion for stay relief in the main bankruptcy case. In the motion, Owens sought relief from the automatic stay so that the litigation in Boyle Circuit Court can be completed. Specifically, Owens moved the Court for permission to continue to pursue litigation against Coffey in state court based on the notion that Coffey obtained property and money from Owens by fraud. Coffey opposed the motion. As discussed more fully in the main bankruptcy case, by order entered this same date in the main bankruptcy case, this Court is granting the motion for stay relief and directing the parties to return to Boyle Circuit Court so that this debt can be liquidated.

**IV.   LEGAL DISCUSSION**

In the Motion, Coffey makes two arguments. First, she seeks a Judgment on the Pleadings arguing that this adversary proceeding is barred by the doctrine of *res judicata*. Alternatively, she argues that summary judgment should be entered in her favor because, as a whole, Owens' underlying cause of action sounds in a tort (breach of promise to marry) which is no longer

5

recognized in Kentucky. Owens contests both these arguments.

**A.    *Res Judicata***

Coffey contends that she is entitled to a Judgment on the Pleadings based upon *res judicata*. Kentucky recognizes two kinds of preclusion—claim preclusion (or res judicata) and issue preclusion (or collateral estoppel). *See Miller v. Administrative. Office of Courts*, 361 S.W.3d 867, 871–73 (Ky. 2011). "Claim preclusion bars a party from relitigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action." *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky.1998); *In re Nageleisen*, 523 B.R. 522, 527–28 (Bankr. E.D. Ky. 2014).

Coffey argues that the issues in this case are controlled by the *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). In *Espinosa*, the confirmed Chapter 13 plan contained an express provision to pay the principal of a student loan debt while discharging the accrued interest on that student loan debt. The debtor did not file an adversary proceeding seeking to determine the dischargeability of this debt as required by Bankruptcy Rule 7001(6) nor did he obtained an "undue hardship" determination as required for discharge student loan debt under § 523(a)(8). *Id.* at 1374–75. Despite notice of the provision of the proposed plan, the creditor did not object to the plan's proposed discharge of the student loan interest nor did it object to the debtor's failure to initiate an adversary proceeding to determine dischargeability of the debt. *Id.* Without objection, the bankruptcy court confirmed the plan.

The creditor later sought to vacate the confirmation order, arguing that the order was void and arguing a lack of due process due to the debtor's failure to comply with Fed. R. Bankr. P. 7001

6

and § 523(a)(8). The Supreme Court rejected both arguments.

The Supreme Court did not accept the creditor's position that it had no obligation to object to the plan until the debtor served it with the summons and complaint. While the debtor's approach violated a procedural rule, it did not deprive the creditor of its constitutional right to due process. *Id.* at 1378. Given the Bankruptcy Code's clear and self-executing requirement for an undue hardship determination, the bankruptcy court's failure to find undue hardship before confirming the plan was a "legal error." But the order remained enforceable and binding on the creditor because it had notice of the error and failed to object or timely appeal.

Of key importance to this decision, however, the Supreme Court found that the bankruptcy court had the jurisidictional authority to enter its order, even though the plan was procedurally defective. The Supreme Court held that the debt was discharged in error, but the error was not jurisdictional and the discharge order was not void pursuant to Fed.R.Civ.P. 60(b)(4). *Id.* at 1377.

In this case, Coffey argues that under *Espinosa* the failure of Owens to object to the treatment of his claim as a general, unsecured, dischargeable claim renders his claim a general, unsecured, dischargeable claim. Moreover, Coffey contends that Owens' failure to appeal the order of confirmation means he is bound by the terms of the order of confirmation. Coffey contends that the issue of dischargeability was determined by the confirmation order which is *res judicata* as to dischargeability in this matter. In Coffey's view, "Owens should have objected to the unsecured dischargeable status of his claim and appealed the Order of Confirmation."

The Court believes that Coffey's reliance on *Espinosa* is misplaced for a number of reasons. First, the factual situation in *Espinosa* is not the same as the situation here. In *Espinosa*, the debtor specifically and expressly included in his plan a provision for the discharge of the student loan

7

interest at the completion of his plan. Here, no such provision was included in Coffey's plan. Section 4(d)(2) of the plan addressed unsecured claims. That section provided as follows: "Other unsecured debts shall be paid 7 cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full." There is no express provision calling for the discharge of the debt owed to Owens.

In the case before this Court, Coffey's plan made no specific provision for the discharge of Owens' claims. Unlike in *Espinosa*, where the creditor was specifically put on notice that the debt would be discharged, in this case Owens was never put on notice that the proposed plan would terminate his rights to pursue a non-dischargeability action.

Another key difference between the *Espinosa* case and the facts in this case is that in *Espinosa*, the creditor never took any action to determine the dischargeability of its debt. That creditor did nothing, erroneously believing its claim was protected by the debtor's procedural mistakes. In contrast, the creditor in this case timely filed an objection to the dischargeability of the debt through the proper statutory mechanism, an adversary proceeding. The issue of dischargeability has been properly presented for determination.

As stated above, Coffey contends "Owens should have objected to the unsecured dischargeable status of his claim ... ." The Court has thoroughly reviewed the plan of reorganization and there is no such provision stating that Owens' claim is dischargeable. Moreover, had the proposed plan included a provision calling for a nondischargeable debt to be discharged, said provision should have raised an objection by the Chapter 13 trustee or by the creditor, and said proposed plan could not have been confirmed by the Court as it would have violated 11 U.S.C.

§ 1328(c)(2). Under § 1328(c)(2) of the Bankruptcy Code, debt "of a kind specified in section 523(a)" is not discharged in Chapter 13. 11 U.S.C. § 1328(c)(2). Because debt obtained by false pretenses, false representations, or actual fraud is nondischargeable under § 523(a)(2)(A), it is "of a kind specified in section 523(a)." *In re Harding*, 423 B.R. 568, 578 (Bankr. S.D. Fla. 2010); *In re Jordan*, 555 B.R. 636, 648 (Bankr. S.D. Ohio 2016).

The Court is not stating that this debt was incurred by false pretenses, false representations, or actual fraud. That determination will be made in the state court proceeding. The only point this Court is making is that the proposed plan did not call for the discharge of this particular debt. Should Owens succeed on his cause of action establishing liability, and this Court find the debt nondischargeable under § 523(a)(2)(A), then the discharge granted in § 1328, should Coffey complete her plan, would have no effect on her liability for this debt.

Like the proposed plan, the confirmation order also makes no specific provision for this claim. No provision of the order address the claim owing to Owens or specifically states said claim is discharged, notwithstanding an action to find such debt nondischargeable. As stated above, Owens timely commenced an adversary proceeding to determine the dischargeability of this debt. No order, confirmation or otherwise, would be issued by this court restricting a creditor's rights to proceed with actions that are clearly allowed by the Code and Rules.

To provide for the discharge of a nondischargeable debt in the confirmation order would have been "legal error" like the kind committed by the bankruptcy court in the *Espinosa* case. *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1380, 559 U.S. 260, 275 (U.S.,2010) ("the Bankruptcy Court's failure to find undue hardship before confirming Espinosa's plan was a legal error."). That did not happen here.

9

**B.    Breach of Promise to Marry**

Alternatively Coffey argues that the Court should grant her summary judgment because the "gravamen of the Complaint as a whole sounds in a domestic squabble arising out of the failure of the Plaintiff and the Debtor to marry." Coffey argues that while breach of promise to marry used to be a tort in Kentucky, the Kentucky Supreme Court no longer recognizes this as a valid cause of action. Coffey cites *Gilbert v. Barkes*, 987 S.W.2d 772 (Ky.,1999) in support of her assertion. That case held that the common law cause of action for breach of promise to marry no longer exists. *Id.* at 774.

Again, Coffey misses the point of this adversary proceeding. This action was not filed to establish liability. Indeed, this action was filed to determine the dischargeability of this debt. Any argument going to the merits of the underlying action, should be raised in the court actually deciding the issue of liability, the Boyle Circuit Court.

The Court has reviewed the complaint filed in this adversary proceeding. It specifically seeks to except from discharge any debt incurred by fraud. While Coffey attempts to shoehorn the whole state court action into the tort of breach of promise to marry, other allegations in the state court complaint specifically allege fraud. Should the Boyle Circuit Court hold that Coffey committed fraud as alleged, then this Court will have to consider that when determining dischargeability in this action.

Coffey may very well prevail in the action to establish liability, and if so, there will be no debt to declare nondischargeable and this action should be dismissed, either voluntarily or upon proper motion. Until that time, however, there are no grounds for this Court to grant either a

10

Judgment on the Pleadings or Summary Judgment based on the underlying action.[2]

## V. CONCLUSION

Coffey's proposed plan or reorganization did not specifically call for the discharge of the debt owed to Owens. Owens was never placed on notice that the debt owed to him would be discharged, notwithstanding a timely filed adversary proceeding challenging dischargeability. No "legal error" took place here, and *Espinosa* and *res judicata* does not apply. Hence, Coffey's Motion for Judgment on the Pleadings must be denied.

Finally, the complaint before this Court does not ask for a determination liability, only dischargeability. Arguments going to liability should be presented to the court making the liability determination, the Boyle Circuit Court. This Court will not rule on the merits of an action pending in another venue. Consequently, Coffey's Motion for Summary Judgment will also be denied. The Court shall enter a Judgment this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: March 1, 2018

---

[2] In Coffey's Reply to Plaintiff's Response To Defendant's Motion to Dismiss Adversary Proceeding, she raises several new points, not relevant to the Motion before the Court. She argues that this Court would have jurisdiction to decide the state court action. This issue was addressed in the Order on the Motion for Stay Relief filed by Owens in the main bankruptcy case. While this Court has jurisdiction to hear the matter, the principles of abstention and comity compel this Court to allow the state court to liquidate this debt.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LORETTA ANN COFFEY | ) | CASE NO. 17-31506 |
| | ) | |
| DEBTOR | ) | CHAPTER 13 |
| | ) | |
| WILLIAM OWENS | ) | |
| | ) | |
| PLAINTIFF | ) | A.P. NO. 17-3040 |
| VS. | ) | |
| | ) | |
| LORETTA ANN COFFEY | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that Defendant's Motion for Judgement of the Pleadings and in the Alternative Partial Summary Judgement be, and is, **DENIED**.

**IT IS FURTHER ORDERED** that this adversary proceeding will be held in abeyance pending the conclusion of the action pending in Boyle Circuit Court.

**IT IS FURTHER ORDERED** that upon the resolution of the state court matter, the parties are directed to file a notice with this Court, at which time the Court will schedule a telephonic pre-trial conference to discuss scheduling the completion of this adversary proceeding.

_/s/ Alan C. Stout_
Alan C. Stout
United States Bankruptcy Judge

Dated: March 1, 2018